IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK MURFIN, M.D.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12–cv–1077–WDS–SCW |
| | ) |
| **ST. MARY'S HOSPITAL,**[1] | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

After two extensions of time, Defendant St. Mary's Hospital has filed its answer (Doc. 12) and its Response to the plaintiff's petition for a preliminary injunction (Doc. 13). Without asking the Court's leave to do so, Defendant filed both documents under seal.

The parties to a lawsuit are not the only people who have a legitimate interest in the record of a legal proceeding. **Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944 (7th Cir. 1999).** Sealing any part of the record of a case requires a court determination that good cause to do so exists. **Id.** The public's strong interest in the publicity of judicial proceedings can only be trumped when the information sought to be sealed meets "the definition of trade secret or other categories of bona fide long-term confidentiality." **Bond v. Utreras, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002)).** Whether the parties consent to sealing the information is beside the point: dispositive documents in any litigation enter the public record notwithstanding any earlier agreement. **Baxter, 297 F.3d at 546 (citing Grove Fresh Distributors, Inc. v. Everfresh Juice Co., 24 F.3d 893 (7th Cir. 1994)).**

---

[1] It appears from the recent submissions that the Defendant's name on the docket is incorrect. The Clerk is DIRECTED to edit the docket and name "St. Mary's Hospital" rather than "St. Mary's Good Samaritan, Inc." as the Defendant.

*See id.* **("How else are observers to know what the suit is about or assess the judges' disposition of it? Not only the legislature but also students of the judicial system are entitled to know what the heavy financial subsidy of litigation is producing.").**

The undersigned therefore DIRECTS the Clerk to STRIKE both Defendant's sealed Answer (Doc. 12) and its "Answer to Plaintiff's Complaint for Preliminary Injunction" (Doc. 13) from the docket. *See Baxter,* **297 F.3d at 547 ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed.").**

By 5:00 p.m. tomorrow (10/26/2012), Defendants SHALL either **(1)** file unredacted, unsealed versions of the documents; or **(2)** file a redacted version of the documents (or one document, if Defendant so chooses), and file a concomitant motion to file an unredacted version (or versions) under seal. Should Defendant choose the latter course, an unredacted version of its filings should be contemporaneously submitted to the Court's proposed documents inbox—SCWpd@ilsd.uscourts.gov—to enable the Court to make an individualized determination as to whether the information Defendant wishes to keep from public view is properly sealable.

**IT IS SO ORDERED.**

**DATE: 10/25/2012**                                              */s/ Stephen C. Williams*
                                                                              **STEPHEN C. WILLIAMS**
                                                                              United States Magistrate Judge