IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK MURFIN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-CV-1077-WDS |
| ) | |
| ST. MARY'S GOOD SAMARITAN, INC., ) | |
| *an Illinois not-for-profit corporation*, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff Mark Murfin's motion for a hearing on his petition for a preliminary injunction (Doc. 21). Plaintiff, a physician, can no longer treat patients at St. Mary's Hospital because defendant St. Mary's Hospital, Centralia, Illinois, revoked his hospital privileges after an incident between plaintiff and two nurses.[1] Plaintiff suggests that defendant violated its bylaws and credentials manual (breach of contract), the Hospital Licensing Act of Illinois, and the Health Care Quality Improvement Act of 1986 by not providing certain procedural protections, such as a hearing, before revoking his privileges. He also seeks to enjoin defendant from reporting the revocation to the National Practitioner Data Bank.

### BACKGROUND

Plaintiff Mark Murfin is a physician licensed in Illinois, and defendant St. Mary's Hospital, Centralia, Illinois, is an Illinois not-for-profit corporation that operates St. Mary's Hospital. For many years, plaintiff was a member of the physicians' consulting medical

---

[1] Defendant says it was misnamed in plaintiff's original complaint, and that its correct name is *St. Mary's Hospital, Centralia, Illinois*.

staff of St. Mary's with hospital privileges to see and treat patients there.

On August 16, 2012, plaintiff and two nurses at St. Mary's had what plaintiff characterizes as a disagreement. According to defendant, plaintiff yelled at one of the nurses, poking her repeatedly in the chest, then pushed her against the wall with his finger in her chest. The nurses filed written occurrence reports with management at St. Mary's. Management then submitted a request for a formal investigation or corrective action. A meeting of the Medical Executive Committee took place on about August 22, 2012, to consider the request. Afterward, plaintiff was told that the Committee recommended he attend anger-management counseling, issue a letter of apology to the two employees, and—though he is not certain of this—that he accept a 30-day suspension of his hospital privileges. Plaintiff informed the Committee that he would accept the Committee's recommendations.

The next day, the Board of Directors met and voted to terminate plaintiff's staff privileges at St. Mary's altogether. Plaintiff was not informed of (or given the opportunity to attend) the Board meeting. He was later notified in writing of the Board's decision.

On September 11, 2012, plaintiff sent defendant a letter demanding a hearing before the ad hoc committee of physicians with respect to the Committee's recommendation of a 30-day suspension of his hospital privileges.[2] Defendant has denied a hearing.

Plaintiff suggests defendant's actions violated its own bylaws as well as state and federal law. Plaintiff asserts that the Committee's recommendations constituted an "adverse action" as defined in defendant's Credentials and Hearing and Appellate Review Policy and Procedure Manual ("Credentials Manual"), § 9.2.2(f). That section states:

> No Recommendation or act of the Executive Committee or Board other than those hereinafter enumerated … shall be considered an Adverse Action and, therefore, grounds for a

---

[2] That is the Court's reading of the complaint, where plaintiff says he demanded a hearing "with respect to said adverse action" immediately below a paragraph discussing the "adverse action of the [Medical Executive Committee]" (Doc. 2, Ex. 1, p. 3). So it seems he was demanding a hearing on the recommended 30-day suspension. But it is unclear why he would have wanted a hearing on a temporary, recommended suspension after the Board had *permanently* suspended him.

> hearing: … (f) Restriction, suspension or revocation of admitting and/or clinical privileges.

(Doc. 2, Ex. 1, p. 74). He therefore appears to mean that the Committee's recommendation that he accept a 30-day suspension of his hospital privileges was an adverse action. He also contends that he was only informed orally of the Committee's recommendations, even though he was entitled to written notice and the right to appeal the recommendations, according to defendant's Credentials Manual and Bylaws.

But plaintiff submits, in the alternative, that the Committee might not have recommended the suspension at all, only anger-management counseling and the letter of apology. In that case, he concedes there was no adverse action. Even then, however, plaintiff believes he was entitled to a hearing before the Board permanently revoked his hospital privileges.

Plaintiff next claims that, under the Hospital Licensing Act in Illinois, the suspension of his privileges, whether the Committee's 30-day suspension or the Board's permanent suspension, may not be imposed without a hearing or documentation of an immediate danger. *See* 210 ILL. COMP. STAT. 85/10.4(b)(2)(C)(i). Further, he claims that, under the Health Care Quality Improvement Act, a suspension of clinical privileges for more than 14 days may not be imposed without a finding of imminent danger to the health of an individual. *See* 42 U.S.C. § 11112(c)(2).

Plaintiff believes that defendant's actions are causing him irreparable personal and professional harm, including his ability to practice medicine in Marion County, Illinois, and that he has no adequate remedy at law. He seeks a preliminary injunction[3] (1) enjoining defendant from enforcing the revocation of plaintiff's hospital privileges at St. Mary's, (2) ordering defendant to provide him with written notice of the adverse action and a hearing before a physician's committee—if the Committee recommended the 30-day suspen-

---

[3] Pursuant to 735 ILL. COMP. STAT. 5/11-102.

sion—and (3) enjoining defendant from reporting any revocation of plaintiff's hospital privileges to the National Practitioner Data Bank. Plaintiff also seeks a permanent injunction barring defendant from enforcing the revocation of plaintiff's hospital privileges and from reporting the revocation to the National Practitioner Data Bank.

## PRELIMINARY INJUNCTION

Plaintiff filed this action in the Circuit Court of Marion County, Illinois, No. 2012-MR-106 (Doc. 2, Ex. A). The circuit court scheduled a hearing on plaintiff's petition for a preliminary injunction, but defendant removed the case here before the hearing could take place (Doc. 2).

With respect to the pending motion for a hearing, plaintiff has not actually filed a motion for a preliminary injunction in this Court. He only filed a complaint and petition for a preliminary injunction in the circuit court (Doc. 2, Exs. A & B). Generally, a party seeking a preliminary injunction must file a motion pursuant to Federal Rule of Civil Procedure 65. *See James Luterbach Const. Co., Inc. v. Adamkus*, 781 F.2d 599, 603 n.1 (7th Cir. 1986) ("As a matter of professional practice, counsel who seek temporary relief usually should make a motion for a preliminary injunction separate from the prayer for relief contained in the complaint."); CHARLES ALAN WRIGHT, *ET AL.*, 11A FED. PRAC. & PROC. CIV. § 2949 (2d ed.); *see also* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). Consequently, there is no motion with citation to the federal standard for preliminary injunctions, and no response from defendant before the Court. The Court **DENIES** plaintiff's motion for a hearing (Doc. 21), with leave to file a proper motion for a preliminary injunction pursuant to Rule 65.

But the Court must also address the question of subject-matter jurisdiction.

## SUBJECT-MATTER JURISDICTION

This case was removed under 28 U.S.C. § 1441(a) (Doc. 2). Defendant believes original jurisdiction exists because plaintiffs' federal claims arise under the laws of the United States. *See* 28 U.S.C. § 1331. Specifically, plaintiff suggests that defendant has violated the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. §§ 11101–52, by not providing him with a hearing before it revoked his hospital privileges, *see* § 11112(a)(3), (b). He also seeks to enjoin defendant from reporting the revocation of his privileges to the National Practitioner Data Bank ("NPDB"), *see* 42 U.S.C. § 11133(a); 45 C.F.R. § 60.1. Although plaintiff has not raised the issue on a motion to remand, a district court's "first duty in every suit" is to establish the existence of subject-matter jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004); *accord Krueger v. Cartwright*, 996 F.2d 928, 930–31 (7th Cir. 1993) ("Courts in the federal system are obliged to police the statutory and constitutional limitations on their subject matter jurisdiction.").

A defendant's removal is proper if the lawsuit could have been filed in federal court originally. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have federal-question jurisdiction "of all civil actions arising under the Constitution, laws, and treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *accord Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936). A defense that raises a federal question does not create federal-question jurisdiction. *E.g.*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) ("[A] potential federal defense is not enough to create federal jurisdiction under § 1331.").

A federal question is presented on the face of the complaint where the plaintiff pleads either (1) a claim created by federal law or (2) a state-law claim that implicates sig-

nificant federal issues, *i.e.*, a claim recognized under state law but that "nonetheless turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Regarding state-law claims, there is not a single test for determining whether they afford a basis for federal-question jurisdiction. The Supreme Court holds that they must "necessarily raise a stated federal issue," that is "actually disputed and substantial," and that the "federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314; *accord Chi. Tribune Co. v. Bd. of Trs. of Univ. of Ill.*, 680 F.3d 1001, 1004 (7th Cir. 2012); *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007).

Defendant first suggests that the Court has federal-question jurisdiction because plaintiff alleges on the face of his complaint a violation of his rights under the HCQIA, 42 U.S.C. § 11111, in that plaintiff implies he was entitled to a hearing under § 11112(a)(3), (b).

Upon reviewing the statute and case law, the Court has found that the HCQIA does not create a private cause of action for physicians when a hospital chooses not follow the HCQIA's peer-review procedures. *See Singh v. Blue Cross/Blue Shield of Mass., Inc.*, 308 F.3d 25, 45 n.18 (1st Cir. 2002); *Wayne v. Genesis Med. Ctr.*, 140 F.3d 1145, 1148 (8th Cir. 1998); *Hancock v. Blue Cross-Blue Shield of Kan., Inc.*, 21 F.3d 373, 374–75 (10th Cir. 1994); *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1083 (11th Cir. 2008) (no express cause of action); *Bok v. Mut. Assurance, Inc.*, 119 F.3d 927, 928–29 (11th Cir. 1997) (no express or implied cause of action); SCOTT M. SMITH, CONSTRUCTION AND APPLICATION OF HEALTH CARE QUALITY IMPROVEMENT ACT OF 1986, 121 A.L.R. FED. 255 § 9. It does not appear the Seventh Circuit has addressed the question yet, but district courts in this circuit have come to the same conclusion. *See Rosenberg v. Advocate Health and Hosps. Corp.*, No. 11 C 2493, 2011 WL 1548391, at *3 (N.D. Ill. April 22, 2011); *Shelton v. Schneiter*, No. 05 C 5955, 2005 WL 3601934, at 3 (N.D. Ill. Nov. 2, 2005); *Held v. Decatur Mem.*

*Hosp.*, 16 F.Supp.2d 975, 1220 (C.D. Ill. 1998) ("Plaintiff has not cited, and this court has not found, any cases reaching a contrary result.").

In addition to damages, plaintiff seeks an injunction barring defendant from reporting the revocation of his privileges to the NPDB. In its notice of removal, defendant discusses this claim as a state-law claim that implicates significant federal issues. But an injunction is a remedy, not a claim or cause of action. A request for an injunction does not confer subject-matter jurisdiction. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980); CHARLES ALAN WRIGHT, *ET AL.*, 11A FED. PRAC. & PROC. CIV. § 2941 (2d ed.) ("Rule 65 does not confer either subject-matter or personal jurisdiction on the court."); *see also Califano v. Yamasaki*, 442 U.S. 682, 705 (1979) ("[F]ederal courts retain their equitable power to issue injunctions in suits *over which they have jurisdiction*." (emphasis added)). There must be a substantive claim, and for jurisdictional purposes, the substantive claim must arise under federal law. The Court cannot enjoin defendant from reporting to the Board of Medical Examiners or NPDB, *see* § 11133(a), because there is no cause of action for physicians under the HCQIA. *See Goldsmith v. Harding Hospital, Inc.*, 762 F.Supp. 187, 190–91 (S.D. Ohio 1991) (holding that to recognize an implied cause of action for a physician seeking "to enjoin the reporting of adverse action required by the statute [HCQIA] … would also work against the congressional intent to mandate and encourage reporting." 762 F.Supp. 187, 190–91 (S.D. Ohio 1991).

Thus, because there is no cause of action under the HCQIA, plaintiff does not plead a claim that arises under federal law, *i.e.*, that is created by federal law. "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne and Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.); *accord Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748–49 (2012); *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 850–51 (1985). The Court therefore lacks jurisdiction over this case unless one

of plaintiff's state-law claims, breach of contract or violation of the Hospital Licensing Act, implicates significant federal issues. *See Hancock*, 21 F.3d at 374 (affirming district court's dismissal of case brought under the HCQIA for lack of subject-matter jurisdiction); *Held*, 16 F.Supp.2d at 978.

On that question, defendant argues that plaintiff's state-law claims do contain so-called "embedded" federal questions. Plaintiff seeks damages under state law, while the HCQIA creates a presumption of immunity from damages. *See* § 11112(a); *Wayne*, 140 F.3d at 1148. The presumption, defendant says, requires plaintiff to plead and prove an absence of immunity. The Court is not entirely persuaded by defendant's arguments. "When the issue is whether 'arising under' jurisdiction is available, Congressional silence matters a great deal, for our jurisdiction under § 1331 is determined by Congress." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 582 (7th Cir. 2012) (citing *Merrell Dow*, 478 U.S. at 812 (stating it would "undermine ... congressional intent to ... exercise federal-question jurisdiction and provide remedies for violations of [a] federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' … under state law")). Further briefing on this issue would be beneficial.

Accordingly, the parties are each **DIRECTED** to submit a brief to the Court on whether subject-matter jurisdiction exists in this case. Briefs may be **no more than 5 pages** and must be filed **within 14 days**.

**IT IS SO ORDERED.**

**DATED: <u>December 19, 2012</u>**

                                                                          **/s/ WILLIAM D. STIEHL**
                                                                             **DISTRICT JUDGE**